Hon. T. L. NORVAL, Chief Justice.
Hon. J. J. SULLIVAN,
Hon. SILAS A. HOLCOMB, } Judges.

## TUCKER BOLIN v. JOHN W. FINES.

FILED SEPTEMBER 19, 1900. No. 10,098.

1. **Evidence: Trial to Court: Admission: Improper Ruling Not Reversible Error.** The admission of incompetent or improper evidence, in a cause tried to the court without the assistance of a jury, is not alone ground for the reversal of the judgment rendered therein.

2. **Judgment: Sufficient Evidence.** The judgment in such case must be predicated upon sufficient competent evidence.

3. **Replevin: Failure to Prosecute: Statute: Hearing of Defendant: Plaintiff's Right.** A plaintiff in replevin who fails to prosecute his suit, or against whom judgment has been entered, is not entitled to introduce evidence upon the hearing accorded the defendant under the provisions of section 1041 of the Code of Civil Procedure to determine the latter's right of property or right of possession of the chattels taken under the writ and delivered to plaintiff.

4. **Dismissal on Defendant's Motion: Hearing on Merits.** Where a replevin action is dismissed on motion of the defendant for

(443)

jurisdictional defects, he is not entitled by virtue of section 1041 of the Code of Civil Procedure to have his right of property or right of possession of the chattels replevied determined in that action.

ERROR to the district court for Hall county. Tried below before KENDALL, J. *Reversed.*

*W. A. Prince* and *Dryden & Main,* for plaintiff in error.

*W. H. Thompson, contra.*

NORVAL, C. J.

This is the third appearance of this case in this court. The former decisions are reported in *Fines v. Bolin,* 36 Nebr., 621, and in *Bolin v. Fines,* 51 Nebr., 650. The action was instituted before a justice of the peace by John W. Fines to recover possession of a quantity of corn which he claimed under and by virtue of a chattel mortgage executed by one Oscar Dewitt. A trial before the justice resulted in a judgment in favor of plaintiff, from which Bolin appealed to the district court, where judgment was rendered in his favor. In error proceeding prosecuted to this court said judgment was reversed, and the cause remanded for further proceedings. 36 Nebr., 621. After said reversal, and the lodging of the mandate in the district court, the defendant filed a motion therein to quash the replevin writ because of the insufficiency of the affidavit on which the same was issued. This motion was overruled, and the second trial in the district court resulted in a judgment in favor of plaintiff, which, on appeal to this court, was reversed and the action dismissed on the ground that the affidavit in replevin was so defective in substance as to not confer jurisdiction to issue the replevin writ. Subsequently, on motion of defendant, a modification was entered by this court remanding the cause to the district court with direction to dismiss the action and proceed in accordance with the provisions of section 1041 of the Code of Civil Procedure.

Pursuant to the mandate, the court below sustained the motion to quash the replevin writ and dismissed plaintiff's cause of action, and a trial of the defendant's right of property and right of possession was had. The court rendered judgment against the defendant on the following special findings:

"1st. I find that the corn in dispute was turned over to the defendant, Tucker Bolin, by one Oscar Dewitt for the purpose of satisfying plaintiff's mortgage, and to preserve it from Dewitt's other creditors, and that the defendant gave no consideration for the corn, but held it for the purpose of satisfying the said mortgage only, and had no right to the corn, either of ownership or possession, adverse to the plaintiff.

"2nd. I find the value of the corn when taken under the writ to have been $165.00.

"3rd. I find the value of the said mortgage and the note secured thereby upon the corn when the corn was taken to have been $168, and that the same was due and unpaid and was due when the writ of replevin in this case was issued.

"4th. I find that the defendant has suffered no damage by reason of the taking of the said corn."

The record before us discloses that while the action was dismissed for want of jurisdiction, yet the cause was litigated as fully by each party as though no order of dismissal had been entered, each producing his proofs, and that plaintiff, over objection of defendant, was allowed to place in evidence the note and chattel mortgage under which he claimed the right of possession of the property, and was likewise allowed to introduce testimony conducing to show that the bill of sale under which defendant asserted ownership and possession was executed by the mortgagor, Oscar Dewitt, for the purpose of defrauding his creditors. The reception of this testimony is now assigned for error. But the ruling assailed is not sufficient ground for a reversal, since the cause was tried without the assistance of a jury, and the principle

is a familiar one, that the admission of incompetent and improper evidence, in a cause tried to the court without the intervention of a jury, is not cause for reversal. *Stover v. Hough*, 47 Nebr., 789; *Stabler v. Gund*, 35 Nebr., 648; *Whipple v. Fowler*, 41 Nebr., 675; *Tolerton v. McLure*, 45 Nebr., 368; *Sharmer v. McIntosh*, 43 Nebr., 509. The reason for the rule is that no prejudice could result from the admission of the testimony, since the court, when it comes to render judgment, is presumed to reject and disregard all incompetent and improper proofs, and must predicate or ground its decision upon the material and pertinent evidence adduced. The findings and judgment under review are abundantly supported by the proofs if the evidence introduced by the plaintiff was proper to be considered, but are wholly unsupported if the testimony on behalf of the defendant alone should be considered and weighed. The question is squarely presented whether the plaintiff had the right to introduce any evidence on the further hearing of the cause as to the defendant's right of property and right of possession to the chattels seized under the writ.

Section 1041 of the Code of Civil Procedure, relating to replevin in justices' courts, declares: "If the property has been delivered to the plaintiff, and judgment be rendered against him, or if he otherwise fail to prosecute his action to final judgment, the justice shall, on application of the defendant, or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken. If the jury shall be satisfied that the said property was the property of the defendant at the commencement of the action, or if they shall find that the defendant was entitled only to the possession of the same, at such time, then in either case they shall assess such damages for the defendant as are right and proper, for which, with costs of suit, the court shall render judgment for the defendant," etc. Section 191a of said Code provides, *inter alia*, that in the cases mentioned in said section 1041 judgment shall be

for a return of the property, or for its value in case a return can not be had, or the value of defendant's possession, and for damages for withholding the property, and costs of suit. . It will be observed that these sections require the court, on application of a defendant in replevin whose property has been delivered to the plaintiff, in case judgment has been rendered against the latter, or he has failed to prosecute the suit to a final determination, to call a jury to pass upon the defendant's right of property and right of possession at the commencement of the action, and if the jury determine either in his favor, to render judgment for a return of the property, or, in case there can be no return, for its value or the value of the possession thereof, with damages and costs. There is no provision in either section which authorizes the plaintiff in replevin, who has failed to prosecute his suit or against whom judgment has been pronounced, to litigate the defendant's right of property and right of possession thereto. A plaintiff in replevin must maintain his case on the strength of his own title or claim, and if he fail to establish either title or right of possession in himself, it is wholly immaterial to him whether the defendant has or has not any title or right of possession. This is the universal rule. To permit a plaintiff who has failed to prosecute his replevin suit to introduce testimony to show that defendant had no title or right of possession to the property, as that the same was in a third party, to prevent an alternative judgment from being entered against the plaintiff for a return of the property seized under the writ or for its value, or for the value of the defendant's possession, would be unjust, and would allow plaintiff to introduce testimony which would not be admissible had his suit not been dismissed and there had been a trial upon the merits. When a defendant in replevin is accorded a hearing under said section 1041 of the Code, such adjudication does not determine the merits of the cause, since the judgment rendered in his favor would not bar the plaintiff from subsequently bringing replevin for the

property. Cobbey, Replevin, sec. 1192, and cases cited in note. Where plaintiff's replevin suit has been dismissed, he is no longer an actor. *Swain v. Savage*, 55 Nebr., 687. When the defendant in replevin invoked the proceedings provided in said section 1041, the verdict and judgment must be based upon his proofs alone. If the defendant established a *prima facie* right to the property, he is entitled to an alternative judgment for the return thereof, or its value, or the value of his possessory right. The findings of the trial court are not sustained by competent evidence, and the judgment entered thereon should be reversed.

As already stated, after the last opinion in *Bolin v. Fines*, 51 Nebr., 650, was filed, that decision was modified by this court by directing the trial court to dismiss plaintiff's action and to take such further steps in the cause as were provided by section 1041 of the Code of Civil Procedure. This modification, in so far as it directed the district court to proceed under said section, was improvidently entered, since, in any action like the present, where plaintiff's suit is dismissed on motion of defendant because the writ was unauthorized and issued without jurisdiction, the latter is not entitled to have determined therein his right of posession to the chattels taken under the writ and delivered to plaintiff. *State v. Letton*, 56 Nebr., 158; *Reid v. Panska*, 56 Nebr., 195.

The judgment is, therefore, reversed, and the action dismissed.

REVERSED AND DISMISSED.


SULLIVAN, J., dissenting.

I dissent from the conclusions of the majority. While the first finding of the district court was probably induced by an erroneous view of the law, an examination of the record shows that the material conclusion stated is sustained by undisputed proof. In other words, it was conclusively proven that plaintiff, by virtue of his mort-

gage, had a valid lien on the property in controversy and was entitled to the immediate possession thereof. The other findings are supported by sufficient competent evidence. It thus appears that when the action was commenced, the plaintiff had a mortgage lien on the corn; that he was legally entitled to its possession, and that the amount of his lien exceeded the value of the property. It also appears that, pending the litigation, the corn was sold by agreement of parties. In the opinion of the majority there was error in receiving evidence of plaintiff's right under the mortgage and in making the same a factor in the judgment rendered. I think the action of the court was strictly in accordance with the statute under which the proceeding was had. Section 1041 of the Code provides, in cases where the plaintiff, after obtaining possession of the property, fails to prosecute his action to final judgment, that a jury shall be impaneled on the application of the defendant "to inquire into the right of property and right of possession of the defendant to the property taken." It is further provided that the jury shall find whether the defendant had the right of property, or right of posession only, at the commencement of the suit, and that if they find either in his favor, they shall ascertain and fix his damages. Section 191a of the Code provides that in the cases mentioned in section 1041 the judgment shall be for a return of the property or for its value or the value of defendant's possession, in case a return can not be had, and for damages and costs. From these statutory provisions it is apparent that where the plaintiff has obtained possession of the property and fails to prosecute his suit, or is unsuccessful in its prosecution, there must be a judgment against him for a return of the property, if the jury upon inquiry find that the defendant had the right of possession when the action was commenced. There must also be, in such case, an alternative judgment for the value of the property or for the value of defendant's possessory interest, and for damages and costs. The merits of the controversy must be determined.

The condition of the undertaking is "that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him" (Code of Civil Procedure, sec. 1037); and upon this undertaking no action can be maintained until "an execution, issued on a judgment in favor of the defendant in the action, shall have been returned that sufficient property whereon to levy and make the amount of such judgment cannot be found in the county." Code of Civil Procedure, sec. 1045. A plaintiff whose action is dismissed at his instance, or over his objection, is not out of court. By the order of dismissal he loses the right to an affirmative judgment establishing his interest in the property; he loses the right to recover damages and also the right to recover costs, at least such as had accrued up to the time the order of dismissal was made. His action being dismissed, he ceases to be a pursuer and assumes an attitude of defense. The defendant then becomes an actor. He becomes entitled to a judgment against the plaintiff if the jury shall find upon inquiry that he had the right of property or right of possession when the action was commenced. In the language of the statute, "if they find either in his favor, they shall assess such damages as they think right and proper." This language clearly implies that they may find neither in his favor; that the plaintiff may defeat his claim by showing right of property and right of possession in himself or in a stranger when the chattels were replevied. The majority hold that only the defendant's right of property and right of possession are to be inquired into, and that the facts are to be ascertained by listening only to the evidence of the defendant. How the rights of the defendant are to be determined without at the same time determining the rights of the plaintiff is difficult to understand; how it can be decided in an action where both parties are before the court that one of them is owner of the property without deciding that the other is not such owner, and so adjudicating the entire matter, seems quite incomprehensible. If there is

not to be a trial on the merits that will settle, once for all, the controversy between the parties, why impanel a jury to inquire into the right of property and right of possession? As the finding, in the absence of any evidence, would have to be for the defendant, the investigation by the jury would seem to be a needless and idle ceremony. If the plaintiff must stand mute during the trial; if he can not possibly succeed in the action; if the finding and judgment must necessarily be for the defendant, the function of the jury in the case is merely to announce to the court a conclusion already ascertained and inexorably fixed by the law. In my opinion, the defendant's right to a judgment for anything does not stand confessed. The law contemplates that he shall make proof, and that the plaintiff may defend. It would, it seems to me, be a monstrous perversion of justice to permit a defendant to recover a judgment for the value of property of which he had neither the title nor rightful possession, merely because, through some irregularity in the proceedings, the plaintiff's action was dismissed. The objection suggested in the opinion of the court, that to permit the action to proceed on the merits, would be to cast the burden of proof on the defendant, is a slight and altogether insufficient reason for declining to follow the plain and imperative provisions of the law. In this case, it being established by the findings of the court that the plaintiff was entitled to the possession of the corn when the action was commenced, and that the value of his special interest exceeded the value of the property, the defendant failed to fulfill either condition upon which his right to a judgment depended. There is no reversible error in the record, and the judgment should be affirmed.